Filed 7/23/13  P. v. Thomas CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEITH P. THOMAS,<br><br>    Defendant and Appellant. | B240461<br><br>(Los Angeles County<br>Super. Ct. No. YA045335) |

APPEAL from an order of the Los Angeles County Superior Court, Patricia M. Schnegg, Judge.  Affirmed.

Christine C. Shaver, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Keith P. Thomas, appeals from the trial court's order denying his petition for writ of error coram nobis filed with regard to four superior court cases:  Nos. BA036950, A741808, YA045335 and BA047233.[1]  We affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

After having been released from Metropolitan Hospital, on June 7, 1989 in Case No. A741808, Thomas pled no contest to one count of former Penal Code section 12025, subdivision (b),[2] being a convicted felon in possession of a concealed firearm.  On February 14, 1990, the trial court sentenced Thomas to the low term of one year four months in prison.

In an information filed on May 7, 1991, Thomas was charged in Case No. BA036950 with one count of second degree burglary of a vehicle in violation of section 459.  Following a hearing held on August 7, 1991, the public defender assigned to Thomas declared a doubt as to Thomas's competence.  Proceedings were suspended and two doctors were appointed to evaluate Thomas pursuant to Evidence Code sections 1017, 952 and 730.  However, when each of the doctors went to the jail to evaluate Thomas, he refused to see them.  Accordingly, at proceedings held on September 18, 1991, a pretrial conference was set for October 23, 1991.  On February 24, 1992, Thomas pled guilty to second degree burglary of a vehicle in violation of  section 459.  The trial court sentenced Thomas to the mid-term of two years in prison and ordered the sentence to run concurrently with any "prior uncompleted sentence(s)."

Also on February 24, 1992, in Case No. BA047233, Thomas pled guilty to possession of a deadly weapon (a shank) while lawfully confined in a jail or state prison in violation of section 4574, subdivision (a).  The trial court sentenced Thomas to the low

---

[1]     See Penal Code section 1237, subdivision (b).

[2]     All further statutory references are to the Penal Code unless otherwise indicated.

term of two years in prison and again ordered the sentence to run concurrently with any "prior uncompleted sentence(s)."

Thomas was apparently paroled in Case Nos. BA036950 and BA047233 "sometime between February 1992 and December 1996." "[I]n December 1996 he was arrested and charged in Case No. BA143056 with robbery and kidnapping to commit robbery." However, "[o]n March 27, 1997, the People announced . . . they were unable to proceed [with the matter] and the [trial] court dismissed the case."

Following a court trial in Case No. YA045335, on November 16, 2001 Thomas was found guilty of two counts of knowingly and willingly threatening the life of a judge in violation of section 76, subdivision (a) and six counts of making terrorist threats in violation of section 422. At proceedings held on December 21, 2001, the trial court declared a doubt as to Thomas's competency and stayed the criminal proceedings pursuant to section 1368, subdivision (a). Pursuant to section 1369, the court appointed Drs. Kaushal Sharma and Richard J. Lettieri to examine Thomas. At proceedings held on May 17, 2002, after reading the reports submitted by the two doctors, the trial court found Thomas competent and reinstated the criminal proceedings. Sentencing was set for June 19, 2002.

At sentencing, the trial court selected count 2 (making terrorist threats in violation of section 422) as the base term and imposed the upper term of three years in state prison. The court then imposed an additional five years for the finding Thomas had suffered a prior serious felony conviction pursuant to section 667, subdivision (a)(1). For counts 3, 4 and 6 (making terrorist threats), the trial court imposed one-third the mid-term, or eight months as to each count, the terms to run consecutively to those imposed with regard to count 2 and to each other. For counts 7 and 8 (making terrorist threats), the trial court imposed as to each count the upper term of three years, the terms to run consecutively to the base term imposed with regard to count 2. With regard to counts 1 and 5 (threatening

3

a judge), the court stayed imposition of sentence pursuant to section 654.[3] In total, Thomas was sentenced to 10 years in prison. The court awarded Thomas presentence custody credit for 650 days actually served and 325 days of good time/work time, or 975 days. The trial court then ordered Thomas to pay a $200 restitution fine (§ 1202.4, subd. (b)) and a stayed $200 parole revocation restitution fine (§ 1202.45).

On August 15, 2002, Thomas filed a timely notice of appeal from his convictions in Case No. YA045335. However, on January 15, 2003, as Thomas had failed to respond to the trial court's notice regarding representation on appeal, the court ordered the appeal "dismissed as abandoned."

Just prior to the dismissal of his appeal, on January 6, 2003 the trial court received from Thomas a petition for a writ of habeas corpus. At proceedings held on January 24, 2003, the trial court denied the petition, indicating it was "unintelligible in its request, and [was] further barred as [Thomas] ha[d] not thus far sought appropriate appellate relief . . . . Also, the writ present[ed] issues that could have been presented in earlier petitions and [was] therefore barred."

On February 3, 2003, the trial court filed an order indicating that, "good cause appearing, the order of dismissal filed January 15, 2003 [was to be] vacated and the appeal [with regard to Case No. YA045335] . . . reinstated." The trial court directed the California Appellate Project to appoint counsel for Thomas "forthwith." On appeal, the matter was affirmed in full and the remittitur issued on July 6, 2004.

Since his conviction in Case No. YA045335 was affirmed on appeal, Thomas has filed a number of in propria persona writ petitions, the most recent of which was a petition for writ of error coram nobis filed in the trial court on December 12, 2011. The petition consisted of a document over 130 pages in length "seeking writs of error coram nobis [in] four cases because 'petitioner had been intoxicated with anti-psychotic

---

[3] Section 654 provides in relevant part: "(a) An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

4

medications during the plea bargaining sessions and that constitute[d] incompetence under [section] 1368 . . . .' The specific cases referred to included: [¶] BA036950 – sentenced 2/24/92 – 2 years state prison[,] [¶] A741808 – sentenced 2/14/90 – 16 months state prison[,] [¶] YA045335 – sentenced 6/19/02 – 10 years state prison [and] [¶] BA047233 – sentenced 2/24/92 – 2 years state prison[.] [¶] In each case, [Thomas] include[d] reams of paper for service on the District Attorney of Los Angeles County and the Attorney General of California. He ask[ed] the court to serve his documents."

The trial court denied the petition for relief as to each cited case. The court indicated Thomas had made "a general statement and offer[ed] nothing to support it. His conclusory allegation about incompetence [was] without merit. (See *People v. Karis* (1988) 46 Cal.3d 612, 656.) [¶] [Moreover, Thomas was] responsible for service on all necessary parties and [could] not rely on the court for assistance."

On February 6, 2012, Thomas filed a notice of appeal from the trial court's order.

### CONTENTIONS

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record. By notice filed January 3, 2013, the clerk of this court advised Thomas to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. On January 16, 2013, Thomas filed a request for an extension of time, to April 15, 2013, to file a supplemental brief. This court granted the request. On March 4, 2013, this court granted Thomas a second extension, allowing him to file his supplemental brief up to and including May 15, 2013.

On March 11, 2013, Thomas filed a letter brief in which he asserted his appellate counsel had been ineffective for failing to obtain for him portions of the record, as well as the district attorney's file. Thomas claimed he needed these documents to disprove the district attorney's assertion in Case No. YA045335 that he wrote threatening letters to the judge. The contention is without merit. Attached as exhibits to Thomas's document are two orders previously issued by this court. In an order filed June 27, 2012, this court stated: "Having read and considered Thomas' pro per request for a copy of the record on

5

appeal in the above matter, [the court] hereby DENIES said request.  Thomas was represented on appeal by appointed counsel who filed an opening brief which raised no issues and asked this court to conduct an independent review of the record.  (See *People v. Wende* (1979) 25 Cal.3d 436.)  We directed appointed appellate counsel to forward the record on appeal to Thomas who thereafter filed a supplemental letter brief in which he raised numerous issues which we rejected.  (*People v. Thomas* (April 27, 2004, B161765) [nonpub. opn.].)  Because it thus appears Thomas already has been provided a copy of the record on appeal, and he has failed to state grounds that would warrant providing him a second copy thereof, his request is denied.  Thomas's further request to reinstate the appeal similarly is denied."

In a second order, issued by this court on July 30, 2012 and provided as an exhibit by Thomas, this court stated:  "Having read and considered Thomas' renewed requests for a copy of the record on appeal and to reinstate the appeal in the above matter, [the court] hereby DENIES said requests.  Thomas asserts prison officials lost his copy of the record on appeal when he was transferred from one prison to another.  He claims he needs another copy of the record to show the prosecutor violated his substantive rights by charging six counts of making a criminal threat in violation of . . . section 422, based on a single threatening letter.  However, the unpublished opinion filed January 28, 1991, indicates Thomas wrote two threatening letters and each letter threatened a judge, a prosecutor and an investigator.  Moreover, the relevant facts are contained in this court's unpublished opinion.[4]  Thus, Thomas has failed to demonstrate good cause to provide him a second copy of the record on appeal in this case."

---

[4]   The unpublished opinion in *People v. Thomas*, Case No. B161765, filed April 27, 2004, indicates that in 1999, Judge James Brandlin "presided over a case in which three Rolling Nineties street gang members were accused of shooting a child who was killed in gang cross fire.  The defendants pled guilty and were sentenced  to prison.  On August 21, 2000, Judge Brandlin received a letter threatening his life, the life of the prosecutor that handled the cross fire case, Valerie Cole, and the investigating officer in the case, Mark Campbell.  The author of the letter indicate[d] he [was] a 'shot caller' from the Rolling Nineties street gang.  The letter threatened that if the gang member

6

Here, as in his previous petitions, Thomas has failed to show good cause demonstrating it is necessary that he be provided with another copy of the record and portions of the district attorney's file in Case No. YA045335. Accordingly, it cannot be concluded his appellate counsel was incompetent for failing to attempt to procure these records for him. (See *Strickland v. Washington* (1984) 466 U.S. 668, 669, 693-694; *People v .Carter* (2003) 30 Cal.4th 1166, 1211; see also *In re Spears* (1984) 157 Cal.App.3d 1203, 1210-1211.)

Thomas filed a second supplemental brief on April 25, 2013. In this brief, he asserted that, with regard to his 1989 Case No. A741808 in which he pled no contest to one count of former section 12025, subdivision (b), being a convicted felon in possession of a concealed firearm, the trial court failed to give him the opportunity to show he was factually innocent, his trial counsel was ineffective and the prosecutor "withheld information." As to his first contention, in his brief Thomas indicates he found a gun under a bus stop bench, picked it up and placed it in his pocket. Although he claims he intended to take the gun to a police station where he could turn it in, when he was later stopped and searched by police officers, he was found to be in possession of the weapon. Moreover, rather than go to trial on the matter, at proceedings held on June 7, 1989 Thomas chose to admit he was a convicted felon in possession of a concealed firearm by entering a plea of no contest to the offense.

With regard to his assertion his trial counsel was ineffective, Thomas claims his public defender failed to properly investigate the matter and to obtain pertinent records from the district attorney. In particular, Thomas indicates his counsel failed to obtain records regarding his history of mental illness. Although Thomas has attached as exhibits to his brief some documents which appear to pertain to his mental health, it is unclear from the records provided what Thomas's mental state was on June 7, 1989, the day he entered his plea. The only document which indicates Thomas needed to be involuntarily

---

defendants in the cross fire case were not returned to court by October 31, 2000, Judge Brandlin, the prosecutor and the investigator would be killed and Judge Brandlin's courtroom would be bombed."

medicated to "prevent a deterioration of his mental or physical condition" is a petition filed by the California Department of Corrections dated August 2, 1995, several years after Thomas entered his plea in Case No. A741808.

Finally, Thomas asserts the district attorney withheld information from his counsel. Thomas indicates the district attorney failed to inform his counsel that, before Thomas was detained and arrested by police officers, the officers had received a 911 call indicating "a man [was] yelling at [a bus stop at] the corner of Hilgard Avenue and Wynton." When officers arrived at that location, they found Thomas. One of the officers was familiar with Thomas "from previous contacts" and when he conducted a pat-down search for weapons, the officer found a "loaded blue steel colt .380 caliber automatic pistol . . . inside [Thomas's] top left pocket."

Apart from whether the district attorney kept this information from Thomas's counsel, Thomas has failed to show it caused him prejudice. If anything, the evidence would have been inculpatory.

On April 25, 2013, Thomas filed an "Ex Parte Application/Affidavit to remand case [No.] BA036950 to [the] Los Angeles Superior Court . . . for Arraignment." In his application, Thomas again asserted because the district attorney had withheld information, he was entitled to withdraw his plea and proceed to trial on the matter. He asked this court to remand both Case No. BA036950 and Case No. BA047233 to the Los Angeles Superior Court and to direct the court to allow him to withdraw his pleas and go to trial. He argued he is innocent of the charges and should be allowed to proceed by having a jury trial in both matters.

Thomas, however, pled guilty in both cases in 1992. He then failed to seek review; he did not file notices of appeal and requests for certificates of probable cause. Moreover, in the present supplemental brief, he does not indicate he has discovered new, exculpatory evidence. His statement, without corroboration by independent, objective evidence is insufficient to warrant relief. (*In re Alvernaz* (1992) 2 Cal.4th 924, 938, 945.)

In the additional supplemental brief filed on April 25, 2013, Thomas argued his 2002 conviction in case No. YA045335 was unlawful. However, as stated above, the

8

judgment which was entered following a court trial was affirmed on appeal by this court in *People v. Thomas, supra,* B161765.  According to Thomas, the California Supreme Court then denied review and his petition for a writ of habeas corpus was denied by the United States District Court (Central).  In this additional brief, Thomas argues only one new point:  that his delay in bringing this claim is justified.  He asserts he failed to bring the claim earlier because he is a "layman in law," lacks even a grade school education and was unable to understand how to make use of the exhibits provided to him.  However, "[a] defendant appearing in propria persona is held to the same standard of knowledge of law and procedure as is an attorney."  (*People v. Clark* (1990) 50 Cal.3d 583, 625; see also *Faretta v. California* (1975) 422 U.S. 806, 834-835, fn. 46.)  Thomas had been provided a copy of the record on appeal and the relevant facts are contained in this court's unpublished opinion which was filed in April 2004, approximately seven years before he filed the petition for writ of error coram nobis in the trial court.  Finally, as the trial court indicated, Thomas has made "general statement[s] and offer[ed] nothing to support [them.]"

## REVIEW ON APPEAL

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

9

## DISPOSITION

The trial court's order denying Thomas's petition for writ of error coram nobis is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KLEIN, P. J.

We concur:

CROSKEY, J.

KITCHING, J.